**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter A Bayer, et al., | No. CV-15-02430-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Nationstar Mortgage LLC, et al., | |
| Defendants. | |

On March 27, 2017, the Court issued an order granting in part and denying in part Defendants Nationstar Mortgage LLC and Aurora Loan Services LLC's (collectively "Defendants") motion for summary judgment. Doc. 43. Defendants have filed a motion to reconsider (Doc. 45), and Plaintiffs have filed a response (Doc. 48) at the Court's request. No party requests oral argument. For the following reasons, the Court will grant Defendants' motion to reconsider in part.

**I.    Legal Standard.**

Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink its analysis. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The Court may grant such motions

only if (1) it is presented with newly discovered evidence, (2) it committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

**II. Discussion.**

### A. Unclear note holder identity does not preclude summary judgment.

The Court reached this conclusion in its previous order:

> In this instance, Defendants have introduced conflicting evidence of ownership, submitting recorded documents to the bankruptcy court identifying both Aurora and Nationstar as the creditor on Plaintiffs' loan, and asserting in this litigation – with no supporting documents – that Fannie Mae has been the owner of the loan since 2006. Furthermore, Defendants assert that Nationstar is Fannie Mae's loan servicer for Plaintiffs' loan, but provide no documentation or affidavit from Fannie Mae to that effect. The Court finds that Plaintiffs have raised a question of fact regarding their good faith basis for disputing Defendants' authority to conduct a trustee's sale. In light of Defendants' conclusory argument and their confusing and unsupported assertions regarding the role of Fannie Mae in this case, the Court cannot grant summary judgment in their favor on this issue.

Doc. 43 at 12.

Defendants contend that this decision is clearly erroneous because, under Arizona law, "[t]rustee sales are not conducted under the authority of the person who 'owns' or 'holds' the note, but rather, 'are conducted on a contract theory under the power of sale authority of the *trustee*.'" Doc. 45 at 2-3 (citing *In re Krohn*, 52 P.3d 774, 777 (Ariz. 2002)). "'[T]he dispositive question[,]'" Defendants argue, "is not who 'owns' or 'holds' the note under the Uniform Commercial Code, but rather, 'whether *the trustee*, acting pursuant to its own power of sale or on behalf of the beneficiary, had the statutory right to foreclose on the deeds of trust.'" *Id.* at 3 (citing *Hogan*, 277 P.3d at 784.). Defendants assert that "[t]he Court rejected all of Plaintiffs' arguments seeking to undermine the authority of the trustee. That is dispositive of the entire case as to these issues." *Id.*

The holding of *Hogan* is narrower than Defendants contend. *Hogan* stands for the proposition that a beneficiary is not required to "show the note" on a challenge to the

non-judicial foreclosure, unless a borrower affirmatively alleges that the beneficiary lacks authority to enforce the note. *Hogan*, 277 P.3d at 783 (citing *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d. 1178, 1181 (D. Ariz. 2009) ("Arizona's [non]-judicial foreclosure statutes . . . do not require presentation of the original note *before* commencing foreclosure proceedings.") (emphasis added). The Court in *Hogan* was clear on this point, stating: "[w]e agree" that "a deed of trust . . . may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures," but "Hogan's complaints do not affirmatively allege that WaMu and Deutsche Bank are not holders of the notes in question or that they otherwise lack authority to enforce the notes." *Id.*

Imagine a situation where a borrower is current on her home loan payments, which are made on time each month to Note Holder Y. The note is secured by a deed of trust naming MERS the nominal beneficiary. MERS assigns its interest to Nationstar, which erroneously believes the note holder to be Wrong Company Z. Because Wrong Company Z has no record of receiving payments from the borrower, Nationstar believes the note is in default and appoints a trustee to initiate non-judicial foreclosure on the borrower's home. Under Defendants' reading of *Hogan*, the borrower would be unable to challenge Nationstar's erroneous belief that Wrong Company Z held the note and that borrowers were in default. The only question would be whether the trustee had been assigned legal authority to act. If so, it could sell the borrower's property even though the borrower was current in its payments to Note Holder Y. The fact that the debt was owed – and was current – to Note Holder Y would be irrelevant.

Such an interpretation of *Hogan* is not correct. *Hogan* held that a beneficiary has no affirmative duty to prove its authority to proceed before initiating a non-judicial foreclosure. 277 P.3d at 783. The Arizona Supreme Court specifically noted, however, that the plaintiff in *Hogan* did not "affirmatively allege that WaMu and Deutsche Bank are not the holders of the notes in question or that they otherwise lack authority to enforce

the notes." *Id*. The clear implication of this statement is that the analysis would have been different if the plaintiff had made such an affirmative allegation.

Although the Court concludes that Nationstar has misread *Hogan*, the Court still finds Nationstar's motion to be well-taken. *Hogan* makes clear that Plaintiffs bear the burden of affirmatively alleging in their complaint – and proving in their case – that Nationstar lacks authority to enforce the note. *Id*. *Hogan* placed the burden to prove a lack of authority on the borrower, rather than placing a burden of proving the existence of authority on the beneficiary or trustee. *Hogan* specifically held that "[n]othing in the non-judicial foreclosure statutes" states that trustees or beneficiaries "have the burden of demonstrating their rights before a non-judicial foreclosure may proceed." *Id.*

The correct allocation of this burden is illustrated by *Steinberger v. McVey ex rel. County of Maricopa*, 318 P.3d 419, 429 (Ariz. Ct. App. 2014), a case decided after *Hogan*. The Arizona Court of Appeals found that the plaintiff had affirmatively alleged that the beneficiaries did not have authority to conduct a trustee's sale. *Id.* This claim was "supported by a number of detailed allegations that, if proven, would seriously undermine the validity of the title transfers to [the beneficiaries]." *Id.* Because the plaintiff in *Steinberger* shouldered her burden of alleging, and later proving, that the beneficiaries lacked authority to proceed with the trustee's sale, the Court of Appeals reversed the trial court's dismissal of her claim. Consistent with *Hogan*, however, the Court of Appeals made clear that "[o]n remand, Steinberger bears the burden of proving her claim that [the beneficiaries] lack authority to conduct a trustee's sale. *Id.* at 430.

Plaintiffs in this case have not similarly carried their burden. Plaintiffs have made no "detailed allegations" about Nationstar's lack of authority that the Court has not already rejected in its previous order. *See* Doc. 43 at 5-9 (rejecting Plaintiffs' arguments that GNM did not exist at the time of the note signing, that the assignment from MERS to Aurora was defective, that Defendants failed to satisfy the conditions precedent to initiate non-judicial foreclosure, and that MERS was not a beneficiary under the deed of trust). True, Plaintiffs do assert that *Nationstar* has made inconsistent statements that

raise a question of fact as to the actual owner of the note, but identifying these questions of fact is not the same as presenting affirmative proof that the actual owner of the note is an entity Nationstar does not represent. Plaintiffs in effect are saying that Nationstar has failed to show as a matter of undisputed fact that it represents the actual note holder, but *Hogan* makes clear that Nationstar does not bear that burden. Rather, Plaintiffs bear the burden of coming forward with evidence that Nationstar "lack[s] authority to conduct a trustee's sale." *Steinberger*, 318 P.3d at 430.

Summary judgment should be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In this case, Plaintiffs have failed to "affirmatively" show that Nationstar "lacks authority to enforce the note." *See Hogan*, 277 P.3d at 783; *Steinberger*, 318 P.3d at 429. Because Plaintiffs have failed to present evidence that would meet their burden of proof under *Hogan* and *Steinberger*, the Court will enter summary judgment on Claims 1 through 4. *See* Doc. 43 at 4-12.

**B.     Plaintiffs have not withdrawn their RESPA claims.**

Defendants contend that Plaintiffs have withdrawn their RESPA claim. The Court does not agree.

On December 7, 2016, the Court held a telephonic conference with the parties. Docs. 31 (minute entry), 42 (official transcript). At that hearing, Plaintiffs' counsel stated that "the false arrearage claims are going to be dismissed." Doc. 42 at 2-3. When prompted by the Court to clarify "for purposes of the record what it is that is being dismissed" so that "there's no dispute later on," Plaintiffs' counsel stated the following:

> There was approximately $12,000 arrearage that was not accounted for between a proof of claim made and a middle bankruptcy that's described and alleged in the complaint and a following bankruptcy. To the extent we made those claims under RESPA or TILA related to those, we're going to drop those, or breach of the implied covenant of good faith and fair dealing, which is Count 4, and Count 2, breach of contract. To the extent those rely on the second proof of claim being different from the third in the third bankruptcy, and I know it gets confusing, we're going to drop those.

*Id.* at 3: 10-19. Defendants now argue:

> it is clear from the record that [Plaintiffs'] RESPA claim was withdrawn . . . [E]ven if the Court believes the record is unclear as to what *claims* Plaintiffs agreed to withdraw, Plaintiffs are, in large part, no longer disputing the accuracy of Nationstar's response "that the account was correct." To the extent that the RESPA claim depends upon alleged errors that Plaintiffs have not abandoned, the Court held that Plaintiffs' allegations of error simply lack factual foundation.

*Id.* at 5.

The Court does not find the record unclear. Plaintiffs agreed to drop all claims directly relating to the $12,000 in arrearage. Plaintiffs' remaining RESPA claim does not pertain to the parties' dispute over the arrearage, but rather to the process by which Defendants responded to Plaintiffs' qualified written request ("QWR"). Under 12 C.F.R. § 1024.35(e)(1)(i), a servicer must respond to a borrower's QWR by either:

> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
>
> (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

Doc. 43 at 14. The Court held in its previous order that "[m]aterial issues of fact exist as to whether Nationstar's investigations of Plaintiffs' [qualified written request] were reasonable. Both parties cite the same evidence in support of opposite conclusions, and both make rather conclusory arguments as to whether Nationstar's investigations of Plaintiffs' QWR were reasonable." *Id.* at 15. Nothing in Defendants' motion changes this analysis. The Court will deny Defendants' motion for reconsideration on this issue.

**C. FDCPA.**

In Plaintiffs' response to the motion for reconsideration, Plaintiffs ask the Court to reconsider granting Defendants motion for summary judgment on Plaintiffs' Fair Debt

- 6 -

Collection Practices Act ("FDCPA") claims. Doc. 48 at 6-8. In its order, the Court stated:

> The Ninth Circuit has not explicitly addressed whether mortgagees and their assignees are "debt collectors" and whether non-judicial foreclosure actions constitute debt collection under the FDCPA.

Doc. 43 at 13. Days later, the Ninth Circuit decided *Dowers v. Nationstar Mortgage, LLC*, holding that § 1692f(6) of the FDCPA regulates non-judicial foreclosure activity. 852 F.3d 964 (9th Cir. March 31, 2017). Plaintiffs seek reconsideration because they "pleaded a § 1692f(6) claim at paragraph 263 of the Complaint" and "the Court's Order denied summary judgment for Defendants on claims related to contradictory evidence of ownership." Doc. 48 at 7; *see also* Doc. 10, ¶ 261 ("Nationstar violated the FDCPA, 15 U.S.C. §§ 1692e(5) and 1692f(6), by threatening to foreclose on the Plaintiff's home even though Nationstar and Cowles had no present right to possession of the property under its security agreement, and by threatening to take other action prohibited by law.").

Even in light of *Dowers*, Plaintiffs' claim under § 1692f(6) fails. Section 1692f(6) provides that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*\*\*
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if — (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Because the Court has granted summary judgment on Plaintiffs' claim that Nationstar lacked authority to commence a trustee's sale, no remaining argument exists that Nationstar did not have a right to possession of the property. Likewise, nothing in the record suggests that Nationstar did not have a present intention to take possession of the property or that the property is exempt by law from such

dispossession. Accordingly, § 1692f(6) does not afford Plaintiffs relief. The Court declines to reconsider its order dismissing Plaintiffs' FDCPA claims in their entirety. The Court also notes that Plaintiff's motion to reconsider was untimely. LRCiv 7.2(g)(2).

### D. Plaintiffs' Supplemental Authority.

On April 26, 2017, Plaintiffs filed a notice of supplemental authority with the Court, notifying it of the Arizona Court of Appeals recent decision in *ZB, N.A. v. Hoeller*, No. 1. CA-CV 16-0071, 2017 WL 1458781 (Ariz. Ct. App. April 25, 2017). Doc. 49. The Court has reviewed the decision and finds it inapt.

In *Hoeller*, a lender brought a deficiency action against the borrower two years after foreclosing on the borrower's property. *Id.*, ¶¶ 1-10. The Court of Appeals held that the action was time barred because the promissory note contained a choice of law provision that selected Utah law, and Utah law required a deficiency action to be commenced within 90 days of the foreclosure. *Id.*, ¶¶ 13-18. *Hoeller* stated that the deed of trust was effectively extinguished after the foreclosure was complete, and that its provisions therefore did not control the statute of limitations issue. *Id.* at ¶ 17.

*Hoeller* does not apply here. It says nothing about a borrower's burden of proof when opposing a trustee's sale and does nothing to alter the law as established in *Hogan* and discussed above.

**IT IS ORDERED:**

1. Defendant's motion for reconsideration (Doc. 45) is **granted in part**. After reconsideration, Defendants' motion for summary judgment (Doc. 32) is **granted** as to Plaintiffs' Claims 1-4, 5 and 7, and **denied** as to Plaintiffs' one remaining RESPA claim.

2. Plaintiffs' request for reconsideration (Doc. 48) is **denied.**

3. The final pretrial conference set for May 19, 2017 will be held as scheduled (Doc. 47).

Dated this 1st day of May, 2017.

*David G. Campbell*
―――――――――――――――――――
David G. Campbell
United States District Judge