**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter A Bayer, et al., | No. CV-15-02430-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Nationstar Mortgage LLC, et al., | |
| Defendants. | |

On May 19, 2017, the Court held the final pre-trial conference in this case. *See* Doc. 61. The parties sought clarification on what portions of Plaintiffs' RESPA claims were precluded by the Court's summary judgement orders. Docs. 43, 57. Specifically, the parties requested clarification on the following language:

> Material issues of fact exist as to whether Nationstar's investigations of Plaintiffs' QWR were reasonable. Both parties cite the same evidence in support of opposite conclusions, and both make rather conclusory arguments as to whether Nationstar's investigations of Plaintiffs' QWRs were reasonable. Doc. 34 at 15; Doc. 40 at 5. The Court finds summary judgment is inappropriate on this RESPA claim.

> Plaintiffs also assert that "[i]t breaches the contracts and violates RESPA when a loan servicer fails to promptly credit payments" and allege that "Aurora and Nationstar were insufficiently vigilant or competent to redress their own errors." Doc. 34 at 17. This one-paragraph, conclusory assertion provides no citation to evidence and no allegation of specific instances of a violation. Such bare allegations are insufficient to survive summary judgment. The Court will grant summary judgment on the RESPA claim that payments were not properly credited.

Doc. 43 at 15. In light of the discussion during the conference, the Court agreed to revisit the parties' summary judgment briefing and provide clarification.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Defendants' motion for summary judgement made this argument:

> Borrowers have no evidence that any charge was unauthorized or any payment misapplied. Rather, each charge on the account was for an item (bankruptcy, foreclosure, property inspection, or advances for taxes and insurance) explicitly authorized to be charged to the account by the Deed of Trust. Further, the evidence demonstrates that each payment made by Borrowers was applied to principal, interest, and escrow – not fees and charges, as alleged by Borrowers. Thus, Defendants are entitled to summary judgment on all remaining counts of the First Amended Complaint not addressed in Part I (above) or by Borrowers' agreement to voluntarily dismiss certain claims.

Doc. 32 at 9. Plaintiffs responded as follows:

> It breaches the contracts and violates RESPA when a loan servicer fails to promptly credit payments. 12 C.F.R. § 226.36(c)(1)(i). *Mazonas v. Nationstar Mortg. LLC*, No. 16-CV-00660-RS, 2016 WL 2344196, at *5 (N.D. Cal. May 4, 2016). Aurora and Nationstar were insufficiently vigilant or competent to redress their own errors. For this, Defendants are liable.

Doc. 34 at 17.

After review, the Court concludes that its summary judgment orders properly precluded only claims related to the $12,900 in arrearages (comprised of 15 instalments of $860) that Plaintiffs alleged were not properly credited. Plaintiffs withdrew this claim. Doc. 57 at 5-6. The Court concludes, however, that Defendants are not entitled to

summary judgment on other arrearages or allegedly improper charges. As noted above, a party seeking summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. When Defendants asserted that "each charge on the account was for an item (bankruptcy, foreclosure, property inspection, or advances for taxes and insurance) explicitly authorized to be charged to the account by the Deed of Trust," and that "the evidence demonstrates that each payment made by Borrowers was applied to principal, interest, and escrow – not fees and charges, as alleged by Borrowers" (Doc. 32 at 9), they cited no evidence in the record and thus failed to discharge their initial burden. As a result, the Court cannot grant summary judgment on these issues.

**IT IS ORDERED** that plaintiffs may assert the following alleged RESPA violations at trial: (1) Defendants' process in responding to the QWR was not reasonable, (2) charges were not properly assessed, and (3) payments – other than those constituting the $12,900 in arrearages that have been dismissed – were not properly credited.

Dated this 22nd Day of May, 2017.

_____
David G. Campbell
United States District Judge